1 | PAUL L. REIN, Esq. (SBN 43053)
2 | AARON M. CLEFTON, Esq.  (SBN 318680)
  | REIN & CLEFTON, Attorneys at Law
3 | 1423 Broadway #1133
  | Oakland, CA  94612
4 | Telephone:  510/832-5001
  | Facsimile:   510/832-4787
5 | info@reincleftonlaw.com

6 | Attorneys for Plaintiff
  | ARTHUR RENOWITZKY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ARTHUR RENOWITZKY, | CASE NO. |
| | <u>Civil Rights</u> |
| Plaintiff, | |
| | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES:** |
| v. | |
| JL PETROLEUM, INC. dba GRAND GAS; JASWANT S. BRAR (TE); LAKHVIR K. BRAR (TE) | 1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)** |
| Defendants. | 2. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)** |
| | **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)** |
| | <u>DEMAND FOR JURY TRIAL</u> |

Plaintiff ARTHUR RENOWITZKY complains of Defendants JL PETROLEUM, INC. dba GRAND GAS; JASWANT S. BRAR (TE); LAKHVIR K. BRAR (TE) and each of them, and alleges as follows:

1. **INTRODUCTION:** Defendants denied Plaintiff ARTHUR RENOWITZKY an accessible restroom at Grand Gas, located at 1401 Grand Avenue, San Leandro, California.  On April 28, 2023, Plaintiff went to Grand Gas to buy gas, beverages, and snacks.  While he was at the gas station, Plaintiff needed to use the restroom.  He asked the station employee if he could use it and the employee said he could.  Plaintiff entered the restroom, however, he discovered that

1  there were no grab bars at the back or to the side of the toilet.  It is risky for Plaintiff to transfer to
2  the toilet without grab bars, but he desperately needed to use the restroom. He pulled his
3  wheelchair as close to the toilet as he could and transferred to the toilet using the wheelchair and
4  the toilet seat as hand holds instead of grab bars.  Plaintiff successfully transferred to the toilet,
5  but when he was transferring back into his wheelchair, he slipped and fell to the floor.  Plaintiff
6  was ultimately able to pull himself back up into his wheelchair, but the damage was done.
7  Plaintiff was humiliated and disgusted at having fallen onto the restroom floor.
8         2.       Defendants denied disabled Plaintiff Arthur Renowitzky accessible public
9  facilities at Grand Gas in San Leandro.  Plaintiff Arthur Renowitzky is a "person with a
10 disability" or "physically handicapped person" who requires the use of a wheelchair for mobility.
11 He is unable to use portions of public facilities which are not accessible to mobility disabled
12 persons.  On or about April 28, 2023, Plaintiff was denied his rights to full and equal access at
13 Grand Gas.  He was denied his civil rights under both California law and federal law, and
14 continues to have his rights denied, because these facilities were not, and are not now, properly
15 accessible to physically disabled persons, including those who use a wheelchair or other assistive
16 devices for mobility.
17        3.       Plaintiff seeks injunctive relief to require Defendants to make these facilities
18 accessible to disabled persons and to ensure that any disabled person who attempts to patronize
19 the subject premises will be provided accessible facilities.  Plaintiff also seeks recovery of
20 damages for his discriminatory experiences and denial of access and of civil rights, which denial
21 is continuing as a result of Defendants' failure to provide disabled accessible facilities.  Plaintiff
22 also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs, under
23 federal and state law.
24        4.       **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC
25 section 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC
26 sections 12101 *et seq*.  Pursuant to pendant jurisdiction, attendant and related causes of action
27 arising from the same facts are also brought under California law, including but not limited to
28 violations of Health & Safety Code sections 19953-19959; California Civil Code sections 51, 52,

54, 54.1, and 54.3; and Title 24 California Code of Regulations, the California State Building Code.

5. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

6. **INTRADISTRICT:** This case should be assigned to the Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

7. **PARTIES:** Plaintiff is a qualified physically disabled person who cannot walk due to paraplegia and who requires use of a wheelchair for locomotion. He also owns a disabled licensed vehicle which entitles him to park in a properly configured disabled accessible parking space. He has been issued a California state placard for disabled parking.

8. Defendants JL PETROLEUM, INC. dba GRAND GAS; JASWANT S. BRAR (TE); LAKHVIR K. BRAR (TE) are and were the owners, operators, lessors and/or lessees of the subject business, property and buildings at all times relevant to this Complaint. Plaintiff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Grand Gas is a place of "public accommodation" and "business establishment" subject to the requirements of 42 USC section 12181(7)(F) of the Americans with Disabilities Act of 1990; of California Health & Safety Code sections 19953 *et seq.*; of California Civil Code sections 51 *et seq.*; and of California Civil Code sections 54 *et seq.* On information and belief, the Good Year Tire store and its facilities were built after July 1, 1970, and since then have undergone construction and/or "alterations, structural repairs, or additions," subjecting each such facility to disabled access requirements per Health & Safety Code sections 19953-19959 *et seq.*, and, as to construction and/or alterations since January 26, 1993, to the disabled access

requirements of section 12183 of the Americans with Disabilities Act of 1990.  Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations, also known as the California Building Code.  Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990, as defined by the ADA. 42 USC § 12181(9).

10. **FACTUAL STATEMENT:**  Plaintiff Arthur Renowitzky is an advocate for the rights of disabled people and dedicates his life's work to helping other people with disabilities in his daily work, and, when needed, in Court.  He founded the Life Goes on Foundation in 2008, "a non-political, non-profit organization," created to "provide [spinal cord injury] survivors and their families with support to aid in the life-long process towards recovery." See https://www.lgof.org/about_us .  The Life Goes on Foundation works "nationally to advance the personal independence and wellness of individuals living with disabilities."  Plaintiff prides himself on not just his independence but on empowering other disabled persons, including coaching for the Junior Warriors children's wheelchair basketball team.  A news report video depicting the charity work that Plaintiff has done and his interactions with several NBA Warriors players can be seen here: https://abc7news.com/community-events/paralyzed-dubs-fan-inspires-community-and-the-warriors/5264759/.

11. Plaintiff is a disabled person resulting from a spinal cord injury that he suffered because of a random act of gun violence by a stranger in 2008. His spinal cord between the T2 and T3 vertebrae is severed. He has no feeling from his chest downward and is unable to walk or climb stairs. He uses a manual wheelchair and has good upper body strength from working out and playing wheelchair basketball.  His body signals to him when he needs to relieve himself, including warmth in his stomach, twitching, and sweating.  Plaintiff has learned to interpret these signals and must use the restroom within 5 to 10 minutes of noticing them to avoid experiencing a bodily functions accident.  He relies on businesses and other public places providing accessible restroom facilities so that he can carry out these functions in a regular and timely manner.

12. On April 28, 2023, Plaintiff was on his way to his gym when he stopped for gas at

Grand Gas located at 1401 Grand Ave, San Leandro, California.  Plaintiff parked his car at the pump, and then he went inside to buy drinks, snacks and pre-pay for gas.  Plaintiff made his purchases, and then he noticed that his body was signaling him that he needed to use the restroom.  Plaintiff put his purchases in his backpack, and he wheeled himself to the restroom.

13. Plaintiff was able to enter the restroom, but he saw that there were no gab bars surrounding the toilet.  Plaintiff had to defecate, and he knew that he would not have time to find another restroom.  Plaintiff had to make the difficult choice to either make a dangerous transfer from his wheelchair to the toilet without the use of grab bars or experience a bodily functions accident.  He decided to attempt the dangerous transfer to the toilet rather than experience the humiliation and potential infections that come with a defecation accident.

14. Plaintiff decided a side transfer to the toilet would be safest.  He pulled his wheelchair to the right side of the toilet, and he transferred to the toilet by placing one hand on the toilet seat and one hand on his wheelchair.  Plaintiff successfully transferred to toilet.  When he finished using the toilet, he attempted the same side transfer back to his wheelchair.  However, this time he was not as lucky as when he transferred to the toilet.  Plaintiff's hand slipped, and he fell to the ground between his wheelchair and the toilet. Plaintiff felt humiliated and degraded by having fallen to the filthy bathroom floor.

15. With significant effort Plaintiff was able to pull himself from the floor back into his wheelchair. He is lucky that he works out regularly and therefore had sufficient upper body strength to pull himself back into his wheelchair from the floor.

16. Plaintiff was sore and humiliated from the fall.  He quickly left the gas station, pumped the gas that he had already paid for, and got into his car where he was able to clean himself up with hand sanitizer he keeps in the car.  Although Plaintiff had planned to go the gym to work out after getting gas, he decided to go back to his home instead.  The fall in the Grand Gas Station restroom rattled Plaintiff.  It reminded him that these types of falls and difficulty did not happen to him before he was disabled.  These types of experiences remind him about how he got injured and can make him reticent to go out in public because he might encounter similar access barriers.

17. Defendants have failed to provide an accessible restroom at Grand Gas. To the extent that Defendants could not make the restroom fully accessible because to do so was not readily achievable, they failed to make restroom as accessible as possible for disabled persons. Plaintiff estimates the costs of providing grab bars in the restroom would be less than $4,000 Further, he estimates making more space in the restroom by moving or replacing the accessories, such as the sink, would cost less than $8,500. Each of these are easy to do and do not cost very much to accomplish, and the benefit to disabled persons and Plaintiff is the ability to use the facility safely and independently at all.

18. The above referenced barriers to access are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's access consultant. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011). All of these barriers to access render the premises inaccessible to physically disabled persons who are mobility impaired, such as Plaintiff, and are barriers Plaintiff may encounter when he returns to the premises. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

19. Further, each and every violation of the Americans with Disabilities Act of 1990 also constitutes a separate and distinct violation of California Civil Code section 54(c) and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code sections 54.3 and 55.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §§ 12101 *et seq***

20. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint and incorporates them herein as if separately re-pleaded.

21. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that

"such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." 42 U.S.C. §12101.

22. Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

23. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

24. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which include but are not limited to any "gas station." 42 USC § 12181(7)(F).

25. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or

leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

26. The removal of each of the physical barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the architectural and/or policy barriers complained of herein were already required under California law. Further, on information and belief, alterations, structural repairs or additions since January 26, 1993, have also independently triggered requirements for removal of barriers to access for disabled persons per section 12183 of the ADA. In the event that removal of any

barrier is found to be "not readily achievable," Defendants still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable." In this case, for example, Defendants could install grab bars in the restroom.

27. The ability to use the restroom is fundamental necessity of accessing and patronizing a business. Therefore, the benefits of creating an accessible restroom does not exceed the cost of readily achievable barrier removal. These costs are fundamental to doing business, like any other essential function of operating any business, such as the costs of ensuring fire safety. It is thus readily achievable to remove these barriers.

28. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendants' actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other mobility disabled persons in other respects, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

29. Defendants' actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing Grand Gas and discriminated and continue to discriminate against him on the basis of his disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182. Plaintiff intends to return to patronize Grand Gas once barriers to access have been removed.

30. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff Arthur Renowitzky entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disabilities in violation of sections 12182 and 12183 of this title. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since

on or before Plaintiff's encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

31.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff Arthur Renowitzky is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize Arthur Renowitzky, in light of Defendants' policies and physical premises barriers.

32.     Plaintiff seeks an award of reasonable attorney fees, litigation expenses and costs pursuant to 42 U.C.S section 12205.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

33.     Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 32 of this Complaint and incorporates them herein as if separately re-pleaded.

34.     At all times relevant to this complaint, California Civil Code section 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, *disability, or medical condition* are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Civil Code § 51(b). [Emphasis added.]

35. California Civil Code section 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

36. Each of Defendants' discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

37. Any violation of the Americans with Disabilities Act of 1990 also constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

38. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, and compensatory damages to Plaintiff, according to proof.

39. **FEES AND COSTS:** As a result of Defendants' acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities and policies accessible to all disabled

members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

**THIRD CAUSE OF ACTION:**
**DAMAGES AND INJUNCTIVE RELIEF**
**FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION**
**(California Health & Safety Code §§ 19955 *et seq*; Civil Code §§ 54 *et seq.*)**

40. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 39, above, and incorporates them herein by reference as if separately repled hereafter.

41. Plaintiff Arthur Renowitzky and other similarly situated physically disabled persons, including those who require the use of an assistive device for mobility, are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code sections 19953 -19959. Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code sections 19953 *et seq*. Further, Plaintiff is also protected against policy and architectural barrier discrimination by California Civil Code sections 54 and 54.1, the "Disabled Persons Act." "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Civil Code § 54(a). Furthermore, "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited." Civil Code § 54.1(a). Additionally, any violation of the ADA, including but not limited to any violation of 42 USC sections 12182 and 12183, is also incorporated as a violation of the Disabled Persons Act. Civil Code §§ 54(c), and 54.1(d).

42. Title 24, California Code of Regulations, formerly known as the California

Administrative Code and now also known as the California Building Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since January 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out.  On information and belief, Defendants and/or their predecessors in interest carried out new construction and/or alterations, structural repairs, and/or additions to such buildings and facilities during the period Title 24 has been in effect.  Further, Plaintiff alleges, on information and belief, that construction, alterations, structural repairs, and/or additions which triggered access requirements at all relevant portions the Grand Gas, also occurred between July 1, 1970, and December 31, 1981, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of California Government Code sections 4450 *et seq*.  Further, on information and belief, additions to the building after the initial construction also occurred after January 1, 1972, triggering access requirements per Health and Safety Code section 19959.  Alterations or additions after January 26, 1993 trigger ADA liability and requirements per 42 USC sections 12182 and 12183 of the ADA.

43. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of a wheelchair or other assistive device for movement in public places.

44. Plaintiff is deterred from returning to use these facilities, because the lack of access will foreseeably cause him further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiff cannot return to patronize Grand Gas and its facilities and is deterred from further patronage until these facilities are made properly

accessible for disabled persons, including Plaintiff and other mobility disabled persons.  Plaintiff specifically intends to return and patronize Grand Gas once it is made accessible, including the restroom.

45.     The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to all inaccessible areas of the premises that he has personally encountered, and, as to all areas identified during this litigation by Plaintiff's access consultant, that he or other physically disabled persons may encounter in the future. *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034 (9th Cir. 2008); *Chapman v. Pier One Imports (USA)*, *Inc.*, 631 F. 3d 939 (9th Cir. 2011); *Oliver v. Ralphs Grocery* Co., 654 F.3d 903 (9th Cir. 2011).   As to the Defendants that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices and barriers that deny full and equal access for disabled persons, and for reasonable statutory attorney fees, litigation expenses and costs.

46.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant full and equal access to Plaintiff in the ways complained of and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Health & Safety Code section 19953 and California Civil Code section 55, and other law.  Plaintiff further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Health & Safety Code section 19953, Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

47.     **DAMAGES:** As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendants in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal

injuries, all to his damages per Civil Code section 54.3, including general and statutory damages, as hereinafter stated.  Defendants' actions and omissions to act constitute discrimination against Plaintiff on the basis that he was and is physically disabled and unable, because of the architectural and other barriers created and/or maintained by the Defendants in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  These violations have deterred Plaintiff from returning to attempt to patronize Grand Gas and will continue to cause him damages each day these barriers to access continue to be present.  Plaintiff to intends to return to Grand Gas once the premises has been made accessible for his full and equal enjoyment.

48.     **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55, and California Health & Safety Code section 19953.  Additionally, Plaintiff's lawsuit is intended to require that Defendants make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

WHEREFORE, Plaintiff requests relief as outlined below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff ARTHUR RENOWITZKY prays for judgment and the following specific relief against Defendants:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property, premises, policies and related facilities to provide full and equal access to all persons, including persons with physical disabilities for use of their facility, including restroom facilities, and including alternate methods of providing restroom facilities if so required; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided; to cease any discriminatory policies, and to train Defendants' employees and agents in how to recognize disabled persons and accommodate their rights and needs;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of physically inaccessible public facilities and policies as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages and general damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code section 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: August 2, 2023                                      REIN & CLEFTON

                                                                                                    */s/ Aaron Clefton*
                                                                        By AARON CLEFTON, Esq.
                                                                        Attorneys for Plaintiff
                                                                        ARTHUR RENOWIZTKY

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: August 2, 2023                                         REIN & CLEFTON


                                                             */s/ Aaron Clefton*
                                                             By AARON CLEFTON, Esq.
                                                             Attorneys for Plaintiff
                                                             ARTHUR RENOWITZKY

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES